# RESCRIPT OPINIONS.

COMMONWEALTH *vs.* DAVID COLEMAN. March 10, 1986. *Perjury.*

We adopt the analysis and conclusion in the well constructed opinion of the Appeals Court. 20 Mass. App. Ct. 541 (1985). We decline to modify the quantitative rule at this time because this case is not an appropriate vehicle for such modification.

The judgment of the Superior Court on indictment no. 039591 is reversed, the verdict is set aside, and judgment is to be entered for the defendant. The judgment of the Superior Court is affirmed on indictment no. 039590.

*So ordered.*

*Michael D. Cutler* for the defendant.

*Judy G. Zeprun,* Assistant District Attorney (*Paul F. Connolly,* Assistant District Attorney, with her) for the Commonwealth.

ROBERT DAY *vs.* BOARD OF REGISTRATION IN EMBALMING AND FUNERAL DIRECTING. April 9, 1986. *Board of Registration in Embalming and Funeral Directing. Funeral Director. Controlled Substances. Administrative Law,* Substantial evidence.

The plaintiff, a registered embalmer and funeral director, was convicted of possession of cocaine in violation of G. L. c. 94C, § 31 (1984 ed.). The Board of Registration in Embalming and Funeral Directing (board), after a hearing, determined that the offense of which he was found guilty was an offense "relating to the practice of Embalming and Funeral Directing" and therefore was cause for revocation of his certificate of registration pursuant to G. L. c. 112, § 61 (1984 ed.). On review, a single justice of this court held that the board's decision was supported by substantial evidence. The plaintiff now appeals that decision. G. L. c. 112, § 64 (1984 ed.). See *Gurry* v. *Board of Pub. Accountancy,* 394 Mass. 118, 128-129 (1985).

The plaintiff argues that, in determining whether there was substantial evidence to support the board's decision, the single justice erred in considering a police report relating to the plaintiff's arrest for possession of cocaine, inasmuch as the board made no reference to the report in its final order. The record shows that the police report was admitted without objection. It was before the board when it rendered its decision, and the board stated specifically in its decision that it had considered all the evidence presented. The single justice was therefore justified in considering the police report to determine if, on the entire record, the board's findings were supported by substantial evidence.